IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:

ANA EMILIA ORTIZ JIMENEZ

XXX-XX-3794

                    Debtor

Case No. 18-04070 (ESL)

Chapter 11

## MOTION REQUESTING JUDGMENT BE ENTERED FOR DISMISSAL WITH PREJUDICE AND PROHIBITION TO REFILE FOR 24 MONTHS

**TO THE HONORABLE UNITED STATES
BANKRUPTCY COURT:**

**COMES NOW** RL Capital International LLC ("RL") through the undersigned legal counsel, and respectfully states and prays as follows:

1. On July 19, 2018 Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code, as a small business as defined in 11 U.S.C. §101(51D).

2. Debtor had filed prior petitions; 10-11527, 11-03193, 12-09330 and 13-09500.

3. The appearing creditor RL Capital International LLC filed a Motion to Lift the Automatic Stay and a Motion to Dismiss the Chapter 11 petition.

4. This case came before this Honorable Court on October 9, 2018 for a hearing to consider both motions.

5. On November 7, 2018 this Honorable Court issued an Opinion and Order, concluding that:

> "Based on the above, the court finds that there exists sufficient cause for the dismissal or the conversion of the case to a Chapter 7 proceeding pursuant to 11 U.S.C. §1112(b)(4)(C) and for filing the petition in bad faith. No "unusual circumstances" have been demonstrated. Although dismissal moots the request to lift the automatic stay, the court finds that RL did meet its burden to lift the automatic stay. The case is hereby dismissed".

6. Section 1112(b) 11 U.S.C. provides in pertinent part that "on a request of a party in interest or the United States Trustee" the bankruptcy court "may dismiss a case under this chapter for cause". Section 105(a) 11 U.S.C., provides that "the court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title, providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or reaching any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an <u>abuse of process</u>. (our underlining)

7. Bankruptcy courts both through their inherent powers as courts, and through the general grant of power of Section 105(a) 11 U.S.C.; are able to police their dockets and afford appropriate relief. 2 colliers on Bankruptcy (15th 1999) at 105-5 to 7. The decision to dismiss a case with prejudice is clearly within the discretion of the Bankruptcy Court. See In re Goldrich, 1992 WL 404725 (E.D.N.Y. FF12). Section 349(a) 11 U.S.C., permits this Court if it finds <u>cause</u>, as it did in this case pursuant to 11 U.S.C. §1112(b)(4)(c) and for filing the petition in bad faith where no unusual circumstances have been demonstrated, to dismiss the case with prejudice for 180 days **or more** without violating the terms of §349(a) 11 U.S.C. or for that matter §109(g) 11 U.S.C. In re case 198 f3d 327, 337, 335 Bankr. Ct. Dec (CRR) 97, Bankr L. Rep. (2d Cir 1999); In re Jolly 143 BR 383, 387 (E.D. Va 1192) Aff'd, 45 f3d 426 4th Cir 1194).

8. It is ultimately, up to this Courts discretion to decide if the length of time requested by the movant is appropriate. Due to the strong evidence of bad faith on the part of the Debtor Ana Emilia Ortiz Jiménez, the Court should find Debtor's behavior deserving of a dismissal with prejudice under §105(a), §109(g) and §349(a) 11 U.S.C. with a prohibition to refile under any chapter for 24 months.

**WHEREFORE**, it is respectful submitted to the Court to issue its Judgment dismissing the case with prejudice with a prohibition to refile a petition in bankruptcy under any chapter for 24 months.

## NOTICE OF TIME TO RESPOND

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 8th day of November 2018.

**WE HEREBY CERTIFY** that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the participants including the United States Trustee.

/s/**WILLIAM VIDAL CARVAJAL**
**USDC-PR 124803**
William Vidal Carvajal Law Offices
MCS Plaza, Suite 801
Ponce de León, Ave.
San Juan, PR 00918
Tel: 787-764-6867
E-mail : william.m.vidal@gmail.com