# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>ANA EMILIA ORTIZ JIMENEZ<br><br>XXX-XX-3794<br><br>Debtor | Case No. 18-04070 (ESL)<br><br>Chapter 11 |

## REPLY TO OPPOSITION TO MOTION REQUESTING JUDGMENT BE ENTERED FOR DISMISSAL WITH PREJUDICE AND PROHIBITION TO REFILE FOR 24 MONTHS

**TO THE HONORABLE UNITED STATES
BANKRUPTCY COURT:**

**COMES NOW** RL Capital International LLC ("RL") through the undersigned legal counsel, and respectfully states and prays as follows:

1. On July 19, 2018 Debtor filed a Voluntary Chapter 11 Petition. Since the filing date, the Debtor had been managing her affairs as debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code ("the Code"). (Docket #1)

2. This Honorable Court entered an Opinion & Order dismissing this case on November 7, 2018. (Docket #103)

3. On November 11, 2018, Creditor RL Capital International, LLC ("RL") filed a motion requesting a Judgment for dismissal with prejudice and bar to refile for twenty-four (24) months be entered. (Docket #103)

4. On November 26, 2018, Debtor filed its Opposition to Motion Requesting Judgement Be Entered for Dismissal with Prejudice and Prohibition to Refile for 24 Months. (Docket #109)

5. Debtor alleges that "this is the first time" RL has alleged or requested a bar to refile. We respectfully submit that Debtor is incorrect. In the Joint Pre-Trial Report RL clearly alleged the reasons to warrant not only the dismissal of the case but also to enjoin future filings, we cite from the Pre-Trial Report:

6. "The sheer number of cases filed by Debtors and their basis for dismissal demonstrate an abuse of the bankruptcy system and that Debtor's conduct constitutes a pattern of abuse which warrants a dismissal of this case. Debtor has an extensive history of previous bankruptcy filings. The following is a list of Debtor's previous bankruptcy cases in chronological order:

| **Case Number** | **Date Filed** | **Disposition** |
| --- | --- | --- |
| 10-11527 | 12/08/2010 | Case terminated 03/25/2011 |
| 11-03193 | 04/14/2011 | Case terminated 07/29/2011 |
| 12-09330 | 11/27/2012 | Case terminated 04/29/2013 |
| 13-09500 | 11/14/2013 | Case terminated 06/17/2014 |
| 18-04070 | 07/19/2018 | Active case |

This petition was filed under Chapter 11 of the Bankruptcy code on July 19, 2018; it is Debtor's fifth petition.

Four (4) of Debtor's previous five bankruptcy petitions were dismissed either on Debtor's or the trustee's motion, or due to their failure to pay filing fees, failure to attend the §341 (a) meeting of creditors.

Furthermore, Debtor's false or contradictory statements at the first Meeting of Creditors and in Debtor's answer to the Motion for Lift Stay (Docket #40), regarding the number of previously filed cases are a serious matter, striking at the core of the bankruptcy process. See In re Jones, 289 B.R. 436, 438 n.2 (Bankr. M.D. Ala. 2003); see also In re Soost, 290 B.R. 116, 125 (Bankr.D.Minn.2003) (noting that debtors have a personal, direct duty of truthfulness and candor with the court and must face "the consequences of material entries on bankruptcy statements and schedules that are false or contradictory..."). "[S]ection 349(a) empowers bankruptcy courts to enjoin future filings if cause exists to do so.[1] In addition, section 105(a) permits a bankruptcy court to enter any Order necessary to carry out the provisions of the Code and to prevent an abuse of the bankruptcy process...." In re Rusher, 283 B.R. 544, 547-48 (Bankr.W.D. Mo.2002) (citations and footnote included). As the Rusher court found,

> [s]ince serial filings can be an abuse of the bankruptcy process, and the abuse... Cannot always be prevented by the injunction found in section 109(g), the Majority of courts have held that Section 105(a) and 349(a) can be used conjunctively to enjoin a serial filer from filing yet another bankruptcy petition for a period of time in excess of 180 days.[2] "

**WHEREFORE**, it is respectful requested from this Honorable Court to take notice of our reply and grant our Motion Requesting Prohibition to Refile for 24 Months. (Docket #103)

---

[1] Casse v. Key Bank Nat'l Ass'n (In re Casse), 198 F.3d 327, 335-36 (2d Cir. 1999).
[2] See Casse, 198 F.3d at 337-38 (citing In re Weaver, 222 B.R. 521, 523 and n.1 (enjoining further bankruptcy filings for one year)); In re Robertson, 206 B.R. 826, 830 (Bankr E.D. Va.1996) (holding that the debtor should be enjoined from filing another case for 417 days, the actual time the debtor unreasonably delayed creditors with the serial filings); Norwalk Sav. Society v. Peia (In re Peia), 204 B.R. 310, 311, 315 (Bankr D.Conn. 1996)

3

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 11th day of December 2018.

**WE HEREBY CERTIFY** that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the participants including the United States Trustee.

          **/s/WILLIAM VIDAL CARVAJAL**
          **USDC-PR 124803**
          William Vidal Carvajal Law Offices
          MCS Plaza, Suite 801
          Ponce de León, Ave.
          San Juan, PR  00918
          Tel: 787-764-6867
          E-mail : william.m.vidal@gmail.com