IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                          CASE NO. 18-04070 (ESL)

ANA EMILIA ORTIZ JIMENEZ                        CHAPTER 11

        Debtor

OPINION AND ORDER

This case is before the court upon the *Motion Requesting Judgment be Entered for Dismissal with Prejudice and Prohibition to Refile for 24 Months* (Docket No. 103) filed by RL Capital International LLC ("RL"); the *Opposition to Motion Requesting Judgment be Entered for Dismissal with Prejudice and Prohibition to Refile for 24 Months* filed by the Debtor, Ana Emilia Ortiz Jimenez ("Debtor") (Docket No. 109); and the *Reply to Opposition to Motion Requesting Judgment be Entered for Dismissal with Prejudice and Prohibition to Refile for 24 Months* filed by RL (Docket No. 116).

RL argues that, following the court's determination that cause for dismissal existed pursuant to §1112(b)(4)(c) and that the petition was filed in bad faith as no special circumstances were demonstrated, the dismissal order should be with prejudice with a bar to refile for twenty-four (24) months. The Creditor argues that, "due to the strong evidence of bad faith on the part of Debtor Ana Emilia Ortiz Jimenez, the Court should find Debtor's behavior deserving of a dismissal with prejudice under §105(a), §109(g) and §349(a)…"

In its *Opposition*, the Debtor contends that this is the first time RL submits to the court a request for a bar to refile and has failed to sustain the allegations and submit evidence in support of the request. The Debtor additionally states that "…none of Debtor's circumstances justify or merit a bar to refile: she has appeared at all her hearings and complied with all the Court's request; she has obtained the permit to operate her business, and she explained [to] the Court the circumstances that resulted in several filings".

-1-

RL filed a *Reply to the Opposition* arguing that in the Joint Trial Report "RL clearly argued not only the reasons to warrant not only the dismissal of the case but also to enjoin future filings"; and that the Debtor's number of cases dismissed constitutes a pattern of abuse (this is the Debtor's fifth petition). The Creditor also alleged that the Debtor was not candid during the 341 meeting and in her answer to Motion for Lift of Stay.

<u>Legal Analysis and Discussion</u>

*Dismissal Pursuant to 11 U.S.C. §1112 and Bar to Refile*

Pursuant to 11 U.S.C. §1112(b) on request of a "party in interest" a bankruptcy court may dismiss a chapter 11 case for "cause". Section 1112(b)(4) provides a non-exhaustive list of "causes" that constitute grounds for dismissal. <u>Casse v. Key Bank Nat'l Ass'n (In Re Casse)</u>, 198 F.3d 327, 335 (2nd Cir. 1999). On November 7, 2018, the court, after notice and a hearing, determined the following:

> "The facts o[f] this case show that the debtor has not made any payment to the secured creditor since 2010, foreclosure has been stalled since the filing of the first petition on December 8, 2010, irrespective of whether or not the debtor expressly authorized the filing of the other three petitions prior to the present one. The filing of this petition was on the eve of the public sale. The debtor has not shown reasonable likelihood of rehabilitation within a reasonable period of time. The combination of these factors do establish that the petition was filed in bad faith, that is, to continue forestalling execution." Docket No. 102, page 14.

The court also found that the debtor had failed to show evidence of insurance as of the date of the hearing, which is a cause for dismissal pursuant to 1112(b)(4)(C) and that the debtor failed to show unusual circumstances.

Nonetheless, although 1112(b)(4) provides the substantive criteria for dismissal, the effect of such dismissal is governed by §349(a). *See* <u>Gonzalez Ruiz v. Doral Fin. Corp. (In Re Gonzalez-Ruiz)</u> 341 B.R. 371 (B.A.P. 1st Cir. 2006). "Generally, dismissals are ordered without prejudice to carry out the remedial purpose of the Bankruptcy Code and to restore property rights, insofar

as is practicable, to the same positions as when the case was first filed, but without affecting the disposition of debts." Leavitt v. Soto (In re Leavitt), 171 F.3d 1219, 1223 (9th Cir. 1999) *citing* In re Tomlin, 105 F.3d 933, 936-37 (4th Cir. 1997); *See also* In re Lawson, 156 B.R. 43, 45 (9th Cir. BAP 1993).

Section 349(a) states:

> "[u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title."

Section 349(a) refers to section 109(g), which provides temporal and circumstantial restrictions on debtor filing subsequent petitions within one hundred and eighty (180) days after a case is dismissed in certain circumstances, namely, where the debtor willfully failed to abide by orders of the court, or to appear before the court in proper prosecution of the case, or if a debtor voluntarily dismissed a case after the filing of a request for relief from the automatic stay. *Id.* "Nor does the dismissal, in and of itself, constitute a bar to the filing of a subsequent petition by the same debtor, unless section 109(g) is applicable." Alan N. Resnick & Henry J. Sommer eds., 3 Collier on Bankruptcy ¶ [349.02] (16th ed. 2017) However, the prong of section 109(g) is applicable only when an earlier case is dismissed. "The issue of whether a bankruptcy filing is barred by section 109(g) arises only if a second petition is filed within 180 days of an earlier dismissal. Alan N. Resnick & Henry J. Sommer eds., 1 Collier on Bankruptcy ¶ [109.08] (16th ed. 2017). The issue of a bar pursuant to section 109(g) is typically raised by a motion to dismiss in a subsequent case and the moving party has the burden of proof. *Id.* When confronted with an allegation grounded upon the debtor's failure to obey a court's order pursuant to section 109(g)(1), the debtor must establish that the failure was not willful. In re Jones, 2005 Bankr. LEXIS 303, *3, 2005 WL 486758 (Bankr. W.D. Mo. 2005). "§109(g) of the Bankruptcy Code was 'added to the Bankruptcy Code in 1984 to address…the filing of meritless petitions in rapid succession to improperly obtain the benefit of the Bankruptcy Code's automatic stay provisions as a means of

avoiding foreclosure under a mortgage or other security instrument.'" In Re Cline, 2012 Bankr. LEXIS 2456, 2012 WL 1957935 (B.A.P. 6th Cir. 2012), *citing* In Re Price, 304 B.R. 769, 772 (Bankr. N.D. Ohio 2004).

A motion requesting voluntary dismissal that does not relate to a request for relief of stay does not activate the filing restrictions of §109(g)(2). As stated by Collier on Bankruptcy, the restriction included in §109 is inapplicable "…if the Debtor successfully defended against or resolved the motion for relief from the stay or paid in full the creditor who moved for relief. Further, when the dismissal of the first case is remote in time from the motion for stay relief – perhaps years after it was filed- section 109(g) should not be automatically applied." Collier on Bankruptcy at 349.02. (foot notes omitted). "…[T]he purpose of preventing abusive refiling is not served when the motion for relief and the dismissal are totally unrelated". *Id.*

However, the restrictions included in §109(g)(2) are inapplicable to the present case. Although the debtor is a serial filer, the debtor had no pending case in the preceding 180 days before the filing of the fifth petition. "Section 109(g) is not, however, a limitation on the bankruptcy court's authority to impose sanctions fashioned to prevent abuse of the bankruptcy system. Where there is sufficient cause, bankruptcy courts have the authority pursuant to §105(a) and §349(a) to prohibit bankruptcy filings in excess of 180 days." Cusano v. Klein (In Re Cusano), 431 B.R. 726, 737 (B.A.P. 6th Cir. 2010). The majority view is that §109(g) and §349(a) are reconcilable, the former is specifically aimed at preventing serial filers from bogging down the bankruptcy process; the latter being a more general provision that allows bankruptcy judges to bar refiling when there is otherwise good cause for doing it. B-3 Props, LLC v. Lasco, 517 B.R. 889, 897 (Bankr. N.D. Ind. 2014). "…[B]ankruptcy courts are authorized to bar refiling beyond the 180 days set forth in §109(g) under either section 349(a), authorizing the court to bar refiling for cause, or section 105(a) authorizing courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title… or prevent abuse of process."" *Id.* "Numerous courts derive the power of the bankruptcy court to sanction serial or bad faith filers by baring future filings for reasons and longer periods of time other than those specified by

§109(g), from either §105(a), §349(a) or both". <u>Gonzalez Ruiz</u> at 385. The capability of a bankruptcy court to condition a dismissal, as provided by §349, is an important protection to creditors. <u>In Re Davis</u>, 352 B.R. 758, 765 (Bankr. D.S.C. 2006). Although a majority of circuit courts have ruled that the bankruptcy courts have the power to bar serial filer from filing petitions for periods of time beyond the scope of §109(g), the Court of Appeals for the First Circuit has not specifically ruled upon the matter.[1] *See* <u>In Re Gonzalez-Ruiz</u>*, supra.* However, this court has declared its authority to sanction serial or bad faith filers by baring future filings for reasons and longer periods of time other than those specified by 11 U.S.C. §109(g), from either 11 U.S.C. §105(a), 11 U.S.C. §349(a), or both. <u>In Re Llanos</u>, 578 B.R. 700, 711 (Bankr. D.P.R. 2017). Furthermore, section 349(a) expressly confers bankruptcy courts the authority and discretion to make exceptions to the general rule that the dismissal of a case is without prejudice to the filing of a subsequent petition.

Therefore, a dismissal for "cause" does not *ipso facto* bar future filings. To bar future filings, and order of dismissal must be "with prejudice". <u>In re Casse</u>, 198 F.3d 327 (2nd Cir.1999). The relief available is extraordinary and requires a showing of exceptional circumstances beyond the three grounds listed under §109(g). <u>In Re Carter</u>, 312 B.R. 356, 367 (Bankr. N.D. III 2004). A dismissal order that bars subsequent litigation is a severe sanction warranted only by egregious misconduct. <u>Marshall v. McCarty (In Re Marshall)</u>, 407 B.R. 359, 363 (B.A.P. 8th Cir. 2009). "Sanctions restricting a debtor from filing a subsequent petition for relief under the bankruptcy court are generally used to prevent *further* abuse of process by a debtor." <u>In Re Four Wells Ltd.</u>, 2016 Bankr. LEXIS 1673, 2016 WL 1445393 (B.A.P. 6th Cir. April 22, 2016). When a court metes out a sanction, it must exercise such power with restraint and discretion. <u>Mapother & Mapother, P.S.C. v. Cooper (In re Downs)</u>, 103 F.3d 472, 478, (6th Cir. 1996) *citing* <u>Chambers v. NASCO, Inc.</u>*,* 501 U.S. 32, 44, (1991). The sanction levied must be commensurate with the egregiousness of the conduct. *Id.* "Dismissals with prejudice are [] generally reserved for extreme

---

[1] The Court of Appeals for the Tenth Circuit has determined that the bankruptcy court's power to dismiss with prejudice is circumscribed to §109(g). See <u>Frieouf v. U.S. (In Re Frieouf),</u> 938 F.2d 1099 (10th Cir. 1991).

situations, such as when a debtor conceals information from the court, violates injunctions, files unauthorized petitions, or acts in bad faith." In re Hall, 304 F.3d 743, 746 (7th Cir. 2002) *See also* In re Tomlin, 105 F.3d 933 (4th Cir. 1997) "(This "drastic sanction which may affect substantial rights of the litigant" is usually limited to "extreme situations."). "A dismissal with prejudice is a drastic sanction which may affect substantial rights of the litigant and should only be used in extreme situations. [omitted citations] Generally, this remedy is appropriate only where there is a clear record of "delay and contumacious conduct" by the petitioner." In re Martin-Trigona, 35 B.R. 596, 601 (Bankr. S.D.N.Y. 1983). A determination of bad faith may be "cause" for a dismissal with prejudice under § 349(a). Leavitt v. Soto (In re Leavitt), 171 F.3d 1219, 1224 (9th Cir. 1999).

RL requests the court the court to bar the Debtor from refiling for a period of twenty-four (24) months considering the multiple petitions filed by the debtor. Cognizant of the drastic measure requested by the creditor, the court evaluates the debtor's conduct throughout her filings.

The Debtor's previous filings

*First case:*

The Debtor filed her first chapter 13 bankruptcy petition on August 12, 2010, Case No. 10-11527. On said case, the Debtor filed an Application to Pay Filing Fees in Installments. The Debtor filed a Certificate of Credit Counseling which stated that the counseling session was conducted in person on December 13, 2010. The case was pending for two months, the debtor made no payments and did not filed the corresponding schedules. Aditionally, the debtor was absent from the 341 meeting. The debtor requested a voluntary dismissal on January 29, 2011.

Second Case:

The Debtor filed a subsequent chapter 13 petition on April 14, 2011, Case No. 11-03193. The Debtor filed an Application to Pay Fees in Installments. However, the Debtor did not file any schedules and failed to appear on the 341 meeting. The case was dismissed for debtor's failure to pay filing fees in the amount of $448.00.

Third Case:

The Debtor filed a third chapter 13 petition, on November 27, 2012, Case No. 12-09330. The Debtor filed an Application to Pay Filing Fees in Installments. A Certificate of Credit Counseling was submitted with the petition, which stated that a counseling session was conducted by internet on November 26, 2012 (Page 9 of 13 of the bankruptcy petition). On this case, the Debtor filed a Chapter 13 Statement of Current Monthly and Disposable Income and the Statement of Financial Affairs. The debtor assisted to the 341 meeting of creditor. However, the Debtor requested the conversion of the case to chapter 7 and the meeting was not held. The Debtor failed to appear at the 341 meeting of creditors with the chapter 7 trustee and, therefore, the trustee requested the dismissal of the case. Aditionally, the Clerk of the U.S. Bankruptcy Court requested the dismissal of the case for failure to pay filing fees installments. The case was dismissed on March 19, 2013 for failure to appear at the 341 meeting.

Fourth Case:

The debtor filed the fourth case on November 14, 2013, Case No. 13-09500 pursuant to chapter 7. The Debtor filed an Application to Pay Filing Fees in Installments. The debtor did not file any documents and/or information pursuant to §521(a) and the case was dismissed on January 10, 2014. The Debtor filed two (2) Motions for Reconsideration, which were opposed by Scotiabank PR. The court denied the Debtor's requests for reconsideration of dismissal.

Fifth Case:

The fifth petition and current case was filed on July 17, 2018, under the provisions of chapter 11. RL Capital International LLC filed a Motion for Relief of Stay 362 on September 10, 2018 (Docket No. 31), and a Motion to Dismiss on September 13, 2018 (Docket No. 36). On the Opinion and Order entered on November 7, 2018, the court determined that the filing of the petition was in bad faith and that dismissal was warranted pursuant to §1112(b)(4)(C) (Docket No. 105). The court also determined that, although dismissal mooted the request to lift the automatic stay, Creditor RL had met the burden to lift the automatic stay.

As explained above, a bar to refile is a drastic sanction limited to extreme situations and a finding of cause for dismissal does not warrant the imposition of a bar, unless the conduct of the debtor is egregious and has an intent to delay. "Where there exists a multiplicity of factors which would be sufficient to meet the cause requirement […] the cumulative effect will be considered in determining whether there exists sufficient cause for a dismissal with prejudice pursuant to § 349(a)." In Re Martin-Trigona at 601. The court also finds that the following factors add up in considering a bar to refile in the present case: (1) the multiple filings of the debtor in order to delay RL's mortgage rights[2]; (2) the uncontested fact that the debtor hasn't made a mortgage loan payment since 2010; and (3) the debtor's failure to provide the appropriate insurance. The debtor's conduct qualifies as the conspicuous behavior that warrants a dismissal with prejudice. However, the court finds that a twelve (12) month bar to refile is a sufficient sanction to the debtor and grants adequate timeframe for RL to proceed with its mortgage rights[3].

## Conclusion

The court finds that there is cause for dismissal with a bar to refile pursuant to §349(a) and §105(a), however, the court limits the bar to a period of twelve (12) months, as a sufficient sanction to the debtor and an adequate timeframe for the creditor RL to proceed with its mortgage rights.

SO ORDERED.

In San Juan, Puerto Rico, this 3rd day of June, 2019.

Enrique S. Lamoutte
United States Bankruptcy Judge

---

[2] Although the debtor alleged that she had only authorized one previous filing and that the rest of the petitions were filed without her consent, the court found that the evidence presented during the October 9, 2018, hearing contradicted the debtor's testimony. See Opinion and Order at Docket No. 102, page 3.

[3] The court notes that a period of four (4) years lapsed between the fourth and the fifth case, sufficient time for the creditor to seek any relief in state court in relation to its mortgage rights.